IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DASYAM SAMUEL RAJASEKHAR,**

    **Plaintiff,**

vs.                                                                         Case No. 4:14cv149-MW/CAS

**FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, filed an employment discrimination complaint, doc. 1, alleging, primarily, that his employment was terminated on the basis of race, color, and national origin discrimination. Doc. 1 at 3. Defendant filed a motion to dismiss on September 10, 2014. Doc. 10. Alternatively, Defendant requests that Plaintiff be required to provide a more definite statement, *id.* at 8, and that Plaintiff's allegation of alleged "sexual misconduct" be stricken. Plaintiff filed a response to that motion. Doc. 11. Plaintiff's response does not include a certificate of service advising that his response was provided to opposing counsel. Nevertheless, Defendant was advised through the Court's electronic filing system that Plaintiff's response was filed. There is no reason to delay ruling in this matter for that deficiency. However, Plaintiff is advised that in the future, all documents must contain a certificate of service as required by N.D. Fla. Loc. R. 5.1(D) or they may be returned to Plaintiff without filing.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "  Id. (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  Id. at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief."  Id.  If so, a motion to dismiss should be denied.  Id., at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Allegations of the complaint**

Plaintiff alleges that he was hired in October of 2011 as an Environmental Specialist I.  Doc. 1 at 4.  His employment was terminated in June of 2012.  Id. Plaintiff states he received a letter from Kevin Claridge, Director of the Coastal and Aquatic

Managed Areas of the Florida Department of Environmental Protection, advising that his employment was terminated for "failure to satisfactorily complete [his] probationary period."  *Id.*

Plaintiff states that after working for Defendant for a "couple of months," Plaintiff mentioned to a co-worker that he "perceived discrimination."  Doc. 1 at 5.  That employee told Plaintiff he should not be working for the Department and to leave.  *Id.*  At another time, Michael Shirley had a meeting with Plaintiff and during that meeting, Plaintiff made him aware that he perceived his employment to constitute a hostile work place and discrimination.  *Id.*  At some point thereafter, Shirley began "communicating incorrect and damaging information to higher-ups" and to persons in Human Resources.  *Id.*  The entirety of what information was false cannot be deciphered from Plaintiff's complaint, but Plaintiff does state that false information included his "experience & capabilities."  *Id.*  Plaintiff does not specify how that information was false.  *Id.*  Plaintiff also alleged that an assistant manager, Janet Zimmerman, "threatened" Plaintiff by telling him "that she will show [him] what she can do."  *Id.*  Zimmerman had a discussion with Plaintiff's supervisor, Joseph Burgess, and Plaintiff was issued an oral reprimand by Shirley.  *Id.*  Plaintiff contested the reprimand and, although Plaintiff's handwriting is difficult to decipher, it appears that Plaintiff claimed the reprimand was discriminatory.  *Id.*  Plaintiff contends that he was "fired for incorrect, false reasons," at least "most of them."  *Id.*  Finally, Plaintiff asserts there was a history of sexual harassment and retaliation at his workplace.  *Id.*

**Analysis**

Defendant contends that Plaintiff has failed to plead any plausible claim of discrimination or retaliation against Defendant."  Doc. 10 at 4.  Defendant argues that Plaintiff's factual assertions are "riddled with allegations which are conclusory, vague, confusing and insufficiently support a *prima facie* claim of discrimination."  *Id.*

Title VII of the Civil Rights Act prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). There are two categories of such claims: disparate treatment or disparate impact. Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010). In disparate treatment claims, the alleged discrimination concerns such issues as "compensation, terms, conditions, or privileges of employment . . . ." Reeves, 594 F.3d at 807 (citing § 2000e–2(a)(1)). "Disparate treatment can take the form either of a 'tangible employment action,' such as a firing or demotion, or of a 'hostile work environment' that changes 'the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned.'" *Id.* (quoting Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1245 (11th Cir. 2004)). "Disparate impact, in contrast, involves 'facially neutral employment practices that have significant adverse effects on protected groups ... without proof that the employer adopted those practices with a discriminatory intent .... The evidence in these 'disparate impact' cases usually focuses on statistical disparities, rather than specific incidents, and on competing explanations for those disparities." *Id.* at 807-08 (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986–87, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) (internal citations omitted)). The allegations in this action indicate this is a disparate treatment case.

The burden is on Plaintiff to establish a prima facie case of discrimination. If that is accomplished, the burden shifts to the employer who must introduce evidence of "some legitimate, nondiscriminatory reason" for its employment decision. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817 (cited in Kidd v. Mando American Corp., 731 F.3d 1196, 1202 (11th Cir. 2013). "To establish a prima facie case of discrimination based on disparate treatment in termination, a plaintiff may show that '(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his

protected class.' " Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003) (quoted in Winborn v. Supreme Beverage Co. Inc., 572 F.App'x 672, 674 (11th Cir. 2014)). In this case, Plaintiff has not alleged a prima facie case of discrimination. All of Plaintiff's assertions are conclusory. There are no specific facts alleged which show that any person, much less of a different race, was treated differently than Plaintiff. Moreover, there are no facts which show that a person outside of Plaintiff's racial class were treated more favorably. Finally, Plaintiff has not alleged that he "was replaced by a person outside his protected class." The complaint fails to state a claim for discrimination in the workplace and the motion to dismiss should be granted on this basis.

As for Plaintiff's retaliation claim under Title VII, it is Plaintiff's burden to "show that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008) (cited in Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010). Thus, Plaintiff must "show[ ] that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." Little v. United Tech., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997). Plaintiff provides no facts which demonstrate a basis for believing that Defendant had engaged in unlawful discrimination. Plaintiff provides no explanation of any reason he "perceived discrimination."

More importantly, Plaintiff does not demonstrate that he engaged in protected activity such that he can link his termination to that activity. Plaintiff alleged that he told a co-worker that he "perceived discrimination," but that does not constitute "protected activity." Plaintiff has not shown that he did anything more than present "informal complaints," *see* doc. 11, which does not constitute "protected activity." Additionally, Plaintiff alleges that he contested the reprimand and, at that point, claimed it was discriminatory. *Id.* Challenging a written reprimand is also not sufficient to show that

Plaintiff engaged in protected activity. Plaintiff has provided no factual allegations which demonstrate that Plaintiff submitted a formal complaint concerning a claim for discrimination. Moreover, Plaintiff has not demonstrated that the person who issued Plaintiff the termination letter (the Director) was personally aware of <u>any</u> complaint made by Plaintiff of discrimination, his perception of a hostile work environment[2] or sexual harassment. Plaintiff's allegations in this case and vague, conclusory, and unsupported by any specific facts. There are no well-pled facts which are entitled to a presumption of truth and no factual allegations which "plausibly give rise to an entitlement to relief." Defendant's motion to dismiss, doc. 10, should be granted.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 10, be **GRANTED**, and Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] [T]o prove a hostile work environment under 42 U.S.C. § 2000e–2(a)(1), a plaintiff must show that [his] employer discriminated because of [his] membership in a protected group, and that the offensive conduct was either severe or pervasive enough to alter the terms or conditions of employment; second, Title VII is not a civility code, and not all profane or sexual language or conduct will constitute discrimination in the terms and conditions of employment; third, workplace conduct cannot be viewed in isolation, but rather is to be viewed cumulatively, and in its social context; and fourth, a plaintiff can prove a hostile work environment by showing severe or pervasive discrimination directed against her protected group, even if she herself is not individually singled out in the offensive conduct.

<u>Reeves</u>, 594 F.3d at 807. Plaintiff has not shown a hostile work environment claim either because he has not shown discrimination.

Case No. 4:14cv149-MW/CAS

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**